# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **VAN JENKINS**, | 2:21-CV-10582-TGB |
| Plaintiff, | |
| vs. | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| **KATHLEEN MUTSCHLER, ET AL.**, | |
| Defendants. | |

Van Jenkins, a state prisoner incarcerated at Gus Harrison Correctional Facility, is self-represented and has filed a civil rights complaint. ECF No. 1. Jenkins names twenty-two defendants and alleges several violations of his constitutional rights. He seeks leave to proceed in forma pauperis (without paying fees). Because he has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from doing so under 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Prisoners can make an initial partial

1

filing fee and pay the rest in installments. *See Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). But a prisoner may not proceed in forma pauperis where a federal court dismissed the incarcerated plaintiff's action (because it was frivolous, malicious, or failed to state a claim for which relief may be granted) three or more times. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). A prisoner may avoid three-strikes dismissal by alleging facts showing he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Jenkins has more than three civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See Jenkins v. Levy*, No. 1:16-cv-78, 2016 WL 403801 (W.D. Mich. Feb. 3, 2016); *Jenkins v. Turner et al.*, No. 2:14-cv-14348, 2014 WL 6669229 (E.D. Mich. Nov. 24, 2014); *Jenkins v. Orchards Children's Services et al.*, No. 4:11-cv-13356, 2012 WL 3647071 (E.D. Mich. Aug. 23, 2012); *Jenkins-El v. Mich. Dep't of Corr. et al.*, No. 1:96-cv-111 (W.D. Mich. Mar. 4, 1996); *Van Jenkins-El v. Schebil*, No. 2:92-cv-72526 (E.D. Mich. Feb. 12, 1993).

To satisfy the imminent-danger exception, a prisoner must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration in

original) (internal quotation omitted). Jenkins has failed to do this.

Jenkins' complaint raises multiple claims alleging constitutional violations related to his criminal trial, parole consideration proceedings, and conditions at the jail including alleged assaults by corrections officers. He also references a far-reaching conspiracy involving the Romulus Police Department and the Michigan Department of Corrections that he claims led to the "demise" of his son's mother and that he believes could endanger his son as well. Compl. ¶ 20, ECF No. 1, PageID.8. The pleadings also contain references to Jenkins' history of mental illness. *Id.* at ¶ 7. Jenkins' claim that he was assaulted by corrections officers is insufficient to show he is in danger of serious injury because the alleged assaults are allegations of past danger. Jenkins' remaining claims do not allow the Court to make reasonable inferences that he is in real and proximate danger of serious physical injury.

Because he cannot overcome the "three-strikes dismissal" rule, Mr. Jenkins' complaint is **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion to Quash (ECF No. 9) is **DENIED** as moot.

**SO ORDERED** this 30th day of August, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3